UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VICTOR ROMAN**,

    Petitioner,

v.                                       **CIVIL NO. 06-742 MV/DJS**

**JOSE ROMERO, Warden,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. By this action, Petitioner seeks to vacate the judgment and sentence entered in Nos. CR-2002-034, CR-2002-089 and CR-2003-121 in the Sixth Judicial District, Grant County, of New Mexico. In those proceedings Petitioner was convicted of Resisting, Evading or Obstructing an Officer, Aggravated Assault on a Peace Officer, Breaking and Entering, and Criminal Trespass pursuant to a jury verdict and of Aggravated Battery Against a Household Member pursuant to a no-contest plea. Pursuant to those convictions, he was sentenced to a term of imprisonment of eight and one-half years, minus two days. Petitioner's conviction followed his flight from police officers who were investigating a domestic violence report. Answer, Exhibit G. When he backed toward one of the officers after being trapped between their vehicles, the officer shot at the tires of Petitioner's vehicle and later captured him. Id..

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Petitioner challenges his conviction and sentence on three grounds. First, he contends that he was denied effective assistance of counsel because his attorney failed to present testimony from witnesses who could have offered testimony favorable to the defense. As his second ground for relief, Petitioner asserts that he was denied Due Process as his conviction was obtained by the knowing use of perjured testimony. Petitioner's third ground for relief is that insufficient evidence of aggravated assault on a peace officer was presented at trial to support presenting that charge to the jury.

3. 28 U.S.C. §2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Petitioner filed a direct appeal of his conviction and sought *certiorari* review of the denial of that appeal. Further, he sought relief through a state *habeas* petition and sought *certiorari* review of the denial of that petition prior to bringing the claims in this action. Respondent asserts that Petitioner has exhausted his remedies; however, the Court comes to a different conclusion regarding Petitioner's claim that the prosecution knowingly presented perjured testimony. Petitioner sought review of that claim in his petition for a writ of *certiorari* from the denial of his state *habeas* claim. Answer, Exhibit T, p. 1. However, the state court considering the *habeas* petition did not characterize any of Petitioner's claims as having raised the issue of perjured testimony, Answer, Exhibit S, pp. 1-2, for the very good reason that the state *habeas* petitioner does not list that claim as a ground for relief. Answer, Exhibit L. Petitioner did present claims that the officer's inconsistent testimony regarding his actions during the events which led to his arrest rendered the evidence against him insufficient to support his conviction. Answer, Exhibit H, p. 6-7. Regardless of Petitioner's failure to exhaust this claim, he is not entitled to relief on its merits as it is presented to this Court. See 28 U.S.C. §2254(b)(2) (It is proper to consider an unexhausted claim

on the merits for the purpose of denying relief.).

  4. A prosecutor's knowing use of perjured testimony, or the knowing failure to disclose that testimony used to obtain a conviction was false, requires the reversal of a conviction if there is any reasonable likelihood that the false testimony could have affected the jury's decision. Knighton v. Mullin, 293 F.3d 1165, 1174 (10th Cir. 2002) (citing Giglio v. United States, 405 U.S. 150, 153-54 (1972)). However, contradictions and changes in a witness's testimony alone do not constitute perjury and do not create an inference, let alone prove, that the prosecutor knowingly presented perjured testimony. Id. (citations and quotes omitted). Further, in order to obtain *habeas* relief, Petitioner must show that the prosecution knowingly used false testimony. See Smith v. Roberts, 115 F.3d 818, 820 n. 2 (10th Cir.1997). Petitioner's claim in the case relies upon the assertion that the police officer witnesses testified differently at the preliminary hearing than at trial regarding whether he was driving a vehicle forward and away from one of the officers or backward and toward that officer. That assertion, standing alone as it does, in inadequate to state a claim for *habeas* relief.

  5. If a *habeas* petitioner's claims were adjudicated on their merits by the state courts, he will be entitled to federal *habeas* relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. §2254(d)(2). Absent the latter determination, a federal court may grant a writ for *habeas corpus* only if it finds that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1521-23 (2000).

6. Petitioner's direct appeal challenged the sufficiency of the evidence to support his conviction for aggravated assault on a peace officer and that challenge was denied on the merits. Answer, Exhibit G. In the instant petition he fails to show that the decisions of the New Mexico courts regarding the sufficiency of the evidence were based upon an unreasonable determination of the facts or that those decisions were contrary to clearly established Federal law. As a result, he is not entitled to relief on this claim.

7. Petitioner's allegations of ineffective assistance of counsel were also raised on direct appeal, although denied in the proposed summary affirmance by the state court of appeals on the ground that they would be better raised in *habeas* proceedings. Answer, Exhibit E, p. 4. In his state *habeas* proceeding the state court did not consider the merits of Petitioner's ineffective assistance of counsel claims, holding that they were reviewed by the state Court of Appeals. Answer, Exhibit P, p. 3. The New Mexico Court of Appeals noted that Petitioner's claims of ineffective assistance of counsel could be attributed to trial tactics or strategy and proposed to hold that he had not made a *prima facie* case for ineffective assistance of counsel. Answer, Exhibit E, p. 4. In the state *habeas* proceeding Petitioner was appointed counsel, who did not seek review or challenge the summary dismissal of Petitioner's ineffective assistance of counsel claim. Answer, Exhibits Q ("Notice of Non-Intent to File an Amended Habeas Petition). However, Petitioner did seek *certiorari* review of the dismissal of those claims in the state *habeas* action, which review was denied. Answer, Exhibits T, U.

8. Given the state *habeas* court's reliance on the decision of the New Mexico Court of Appeals regarding Petitioner's ineffective assistance of counsel claims and that court's limited finding that Petitioner had not made a *prima facie* case of ineffective assistance of counsel, the Court cannot hold that those claims were decided upon the merits. Therefore, the Court should accord no

special deference to the state court's dismissal of this claim. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999).  Regardless, in order to demonstrate that his counsel's performance was so ineffective as to violate the Sixth Amendment, Petitioner must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Petitioner must also demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Petitioner asserts that his attorney should have brought up the issue of probable cause with respect to the police officers' attempt to stop him prior to his acts which led to the assault on a peace officer charge. He also contends that his attorney failed to present two witnesses who heard more shots fired than the officers testified about and failed to call the victim of the domestic violence to the stand to testify that she was not hurt.

     9. With respect to testimony by the victim of the domestic violence, the Court notes that Petitioner pleaded guilty to aggravated assault on a household member. To the extent that he seeks to challenge that charge under the rubric of his attorneys' alleged ineffectiveness, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). It is not clear from the record whether his guilty plea came before or after his trial, but a guilty plea admits all elements of the charge. United States v. Riles, 928 F.2d 339 (10th Cir. 1991). Consequently, the Court finds it unlikely that Petitioner's trial counsel could have produced the victim of the domestic violence to testify that she was "fine".

     10. Regardless, Petitioner's assertions that his attorney was ineffective for presenting the testimony of various witnesses require him to make some showing as to the favorable testimony

expected from the witnesses in order to demonstrate prejudice from the failure. A *habeas* court cannot begin to apply Strickland's standards to a " missing witness" claim unless the petitioner makes a specific, affirmative showing as to what the missing evidence or testimony would have been. United States v. Lane, 926 F.2d 694, 701 (7th Cir. 1991); see Cummings v. Sirmons, 506 F.3d 1211, 1233 (10th Cir.2007) (holding that a petitioner's ineffective assistance claim failed to satisfy Strickland's first prong because nothing demonstrated the content of a potential expert's testimony). All that Petitioner alleges is that witnesses heard more than two shots fired. The number of shots fired during the encounter would not negate the officers' testimony that Petitioner tried to drive over one of them with his vehicle and the Court cannot say that Petitioner has shown prejudice from the failure to present such witnesses.

    11. Similarly, Petitioner's counsel's failure to address probable cause does not constitute ineffective assistance of counsel. The Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest. County of Riverside v. McLaughlin, 500 U.S. 44, 56-59 (1991). Due Process requires a judicial determination of probable cause. U.S. v. Aranda-Hernandez, 95 F.3d 977, 980 (10th Cir. 1996) (citing Gerstein v. Pugh, 420 U.S. 103, 119 (1975)). However, once probable cause has been determined in the form of a preliminary examination or an indictment, that requirement has been satisfied and the initial lack of probable cause does not provide a ground to reverse a conviction. Id.. Further, regardless of whether his stop was supported by probable cause on behalf of the officers, a lack of such cause would not excuse Petitioner's assault upon the arresting officer or provide a defense to charges arising from that attack. U.S. v. Waupekenay, 973 F.2d 1533, 1537-38 (10th Cir. 1992).

**RECOMMENDED DISPOSITION**

That the petition be denied and that this matter be dismissed with prejudice.

_____
**DON J. SVET
UNITED STATES MAGISTRATE JUDGE**